EDWARD R. SOUTHARD *versus* NATHANIEL WILSON.

In a suit upon a promissory note, if the plaintiff be the holder of it, the law presumes the title to be in him, or in some person for whom he acts.

A written surrender of possession of mortgaged land by the mortgagor to the mortgagee for the purpose of foreclosure, is ineffectual unless recorded within thirty days from its date.

ASSUMPSIT upon a promissory note. Trial before SHEPLEY C. J. It was one of several notes given for land and secured by a mortgage. On the 4th of May, 1840, several months after all the notes had become payable, the mortgagor surrendered to the mortgagee the possession of the land, by indorsing upon the mortgage, under his hand, a memorandum of that date, admitting that he thereby surrendered " peaceable possession of the premises," reserving only a right to redeem within three years. That memorandum was not recorded until 1844. The defendant contended that the mortgage was foreclosed, and offered proof that the mortgagee, upon said 4th of May, 1840, and under and by virtue of said memorandum, entered upon and took peaceable possession of the land, and thenceforward continued to occupy it till the present time; and also offered to prove that the land was of value equal to the amount due upon the notes.

The evidence was objected to and excluded. The defendant submitted to a default, which was to be taken off, if the plaintiff is not entitled to recover.

*Washburn,* for plaintiff.

*Wilson,* for defendant.

The opinion of the Court was drawn up by

WELLS J. — The disclosure of the plaintiff, made on the occasion of taking the poor debtor's oath, February 25, 1845, was introduced in evidence, to disprove the plaintiff's title to the note in suit. By the certificate of the clerk, it appears, that the suit was not commenced until the 24th of September, 1845.

The plaintiff might have acquired title to the note, after the disclosure was made, and if so, the disclosure could not affect it. But it is in proof, that he acted under an authority to institute the suit, which was commenced after the disclosure.

It appears by the testimony of Mr. Washburn, that the plaintiff brought him the note, for the purpose of having a suit commenced upon it, in the name of the plaintiff, at the request of Averill, the payee, and the plaintiff said he did not know but he should buy it, and that both the plaintiff and Averill had told the witness, that the plaintiff was not the owner of the note.

If the legal interest is in the payee of a negotiable note, he can authorize an action to be brought by an indorsee, in the name of the latter, for his benefit. *Bragg* v. *Greenleaf*, 14 Maine R. 395 ; *Lewis* v. *Hodgdon*, 17 Maine R. 267.

It is contended, that this testimony, in relation to the authority of the plaintiff, could not be legally derived from the declarations made by him and by Averill.

If this objection should prevail and the testimony be rejected, there would be no evidence in the case, to impair the right of the plaintiff to maintain the action. For the legal inference is, that the title to the note is in him, he being the holder of it, or in some person, under whose authority, and for whose benefit he acts. *Marr* v. *Plummer*, 3 Greenl. 73 ; *Beekman* v. *Wilson*, 9 Met. 434.

Averill entered upon the premises, mortgaged to secure the payment of the note in suit and other notes, by the consent in writing, of the defendant, more than three years before the commencement of the action. If the foreclosure had been perfected, it would be admissible in defence, to show, that the value of the land was equal to the amount due on the notes, or that it was a payment *pro tanto.* *West* v. *Chamberlin*, 8 Pick. 336.

The act of Feb. 20, 1839, chap. 372, requires the writing, given by the mortgager, acknowledging the entry, to be recorded within thirty days from its date, in the office of the register of deeds, " and unless so recorded, *within said time,* such

entry shall not be effectual in law, for the purpose of foreclosing such mortgage."

The writing, signed by the defendant, in the present case, was not recorded until May 4, 1844, and according to the express terms of the statute, the entry to foreclose was ineffectual, and the mortgage, at the time of the trial, was open to redemption.   The defence, therefore, was inadmissible and there must be judgment on the default.